UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JASON DEMENT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-247 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Jason Dement to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

Movant was convicted of felon in possession of a firearm, and on August 10, 2009, the Court sentenced him as an Armed Career Criminal to 292 months' imprisonment. *United States v. Dement*, No. 1:09-CR-12 SNLJ. Movant appealed, and on April 5, 2011, the Court of Appeals for the Eighth Circuit affirmed. *United States v. Dement*, No. 09-2939 (8th Cir.).

On May 4, 2012, movant filed his first motion to vacate under § 2255. *Dement v. United States*, No. 1:12-CV-74 SNLJ. The Court denied the motion. On January 16, 2013, the Court of Appeals dismissed movant's appeal.

On December 11, 2015, movant filed an application in the Court of Appeals to file a successive § 2255 motion based on *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Dement v. United States*, No. 15-3483 (8th Cir.). On December 8, 2015, the Court of Appeals granted the application.

On December 9, 2015, movant filed his § 2255 motion seeking relief under *Johnson*. *Dement v. United States*, No. 1:15-CV-229 SNLJ. On May 16, 2016, the Court granted the

motion and re-sentenced him to 120 months' imprisonment. The Court applied the 2008 version of the United States Sentencing Guidelines.

In the instant motion, movant argues that counsel was ineffective during the re-sentencing hearing for failing to properly argue for time served in state custody under Section 5G1.3(b) of the United States Sentencing Guidelines, as revised by Amendment 787, which was effective as of November 1, 2014.

To establish a claim of ineffective assistance of counsel, a movant must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, under the "performance" component, the movant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, under the "prejudice" component, the movant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"Normally, a court should apply the guidelines in effect at the time of sentencing unless doing so would violate the ex post facto clause." *United States v. Reetz*, 18 F.3d 595, 597 (8th Cir. 1994). Applying the 2008 version of the Guidelines, rather than the current version, did not implicate the ex facto clause in this case. As a result, petitioner can show neither that counsel's performance was deficient nor that he was prejudiced by counsel's performance. As a result, the motion is denied.

Finally, movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d

783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Jason Dement to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED**.

Judgment will be issued forthwith.

Dated this 7th day of October, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE